1  Steven Wayne Bonilla

2  J-48500, 3-EY-13

3  San Quentin, CA 94974

4  Petitioner

**FILED**

SEP 1 9 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

8      United States District Court

9       Eastern District of California

11 Steven Wayne Bonilla,          Case No. 2:18-CV-2550 DMC (PC)

12 Plaintiff/Petitioner

13        vs                      The Court has NO POWER OR AUTHORITY

14 Merced County, et al.,         in Petitioner's Case to lawfully cite

15 Defendants                     28 USC§1915(g) or Petitioner's representation

16                                by counsel (31 Cal.4th 766, 477-478) or any

17                                other rulings because it lacks

18                                Subject Matter Jurisdiction. But it

19 In re: to the matter of Steven has a DUTY owed to the Petitioner, to

20 Wayne Bonilla's Void Judgment  pronounce the trial court's

21 rendered by Alameda County,    Judgment a NULLITY. [27 Cal 300].

22 Superior Court, Case No. H-12210-A,

23 which Alameda County Court,    Independent Suit collaterally

24 and all other courts, have refused attacking Jurisdiction of Subject

25 to take into consideration AND Matter and of Person Pursuant to

26 PROVE THAT THE JUDGMENT        F.R.Civ.P., Rule 60(b)(3) and (4)

27 IS VOID ON ITS FACE

28                                - Expedited Review Requested -

-1-

## Introduction

The Federal Grand Jury Subpoena, supposed issued February 19, 1988, from which all of the evidence in the case is the fruit thereof, was never admitted into evidence. Thus, pursuant to Rule 403 of the Evidence Code NONE of the evidence is lawfully admissible. Wherefore, there is NO EVIDENCE/ NO LAWFULLY ADMISSIBLE EVIDENCE.

## Claim I - Legal Argument

The court held in Varian v Delfino, [35 Cal. 4th 180], the principle of "subject matter jurisdiction" relates to the inherent AUTHORITY OF THE COURT involved to deal with the case or matter before it. Thus, in the absence of subject matter jurisdiction, a trial court has NO POWER [nor any court has any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued [21 Howard 506]], to hear or determine the case. And any judgment or order rendered by a court lacking subject matter jurisdiction is void on its face. Therefore, any order or judgment made by this Honorable court which does not reverse the trial court's void judgment is void on its face.

## Claim II - Legal Argument

Where there is no jurisdiction over subject matter there is, as well, no discretion to IGNORE that lack of jurisdiction. See F.R. Civ. P. 12 (h)(3), supra note 1, [474 F. 2d 215].

The trial judge has no discretion and must grant appropriate. F.R. Civ. P. Rule 60 (b) relief 597 F. 2d 220, 224 n. 8 cited in 573 F. Supp. 341, 344. When it clearly appears, as it does here with the subpoena not being lawfully admitted into evidence, the COURT HAS NO

AUTHORITY, to reach the merits. In such a situation the action should be dismissed for want want of jurisdiction pursuant to the court's holding in Case No 505 F. 2d 1026.

A void judgment is a "legal nullity" and a court considering a motion to vacate has no discretion in determining whether it should be set aside pursuant to the holdings in 607 F. Supp 11, 15.

Pursuant to 67 F.R.D. 22, 26, the court is without discretion to IGNORE the lack of subject matter jurisdiction and the mere delaying in raising the issue does not act as a waiver, the issue of subject matter jurisdiction can be raised at trial or after trial.

The court held in In re Carpenter, 9 Cal. 4th 634, that the trial court retains original jurisdiction over subject matter in habeas corpus proceedings, but the trial court's IGNORES it.

## Claim III - Legal Argument

The court held in Rankin v Howard, 633 F. 2d 844, that the principle of judicial immunity applies when there is jurisdiction of both subject matter and of person. A judge who acts in clear and complete absence of these jurisdictions loses his judicial immunity. NO subpoena - NO subject matter jurisdiction.

The court held in Williamson v Berry, 49 US 495, if a judge / court acts without AUTHORITY (as was done here), its judgments and orders are NULLITIES; they are not voidable but simply void, and FORM NO BAR to a recovery sought even prior to a reversal, in opposition to them; they Constitute NO JURISDICTION, and all persons concerned in executing such judgment, or death sentence, as the judges have done and continue to IGNORE the court's lack of jurisdiction,

-3-

is considered in law as trespassers of my guaranteed Constitutional Rights to due process in violation of 18 USC Criminal Codes sections 241 and 242. The judges that have been presented with the Petitioner's challenge to the trial courts lack of subject matter jurisdiction, because the February 19, 1988 Federal grand jury subpoena was never admitted into evidence, in an independent suit in equity, pursuant to Rule 60 (b), F.R. Civ. P, have and continue to commit felonies by ignoring their DUTY to pronounce the trial courts judgment a NULLITY, [27 Cal. 300], It is impossible for them or anyone to show or prove, that the subpoena was lawfully admitted into evidence. Therefore, it is impossible for them to disprove that they have committed repeated felonies in this case. By their refusal and continued delay to correct this miscarriage of justice, makes them acting in concert to aid the conspiracy to execute-murder the innocent Petitioner under the color of law, which they cannot deny without proving that the subpoena was lawfully admitted into evidence. Which cannot be done.

Claim IV - Legal Argument

The Court held in Melo v United States, 505 F. 2d 1026, that once jurisdiction is challenged, the court cannot proceed when it clearly appears (that the subpoena was not lawfully admitted into evidence) that the court lacks jurisdiction, the court/Judge has no AUTHORITY to reach merits, but rather should dismiss the action. The Court held in Forbes v Hyde (1866) 31 Cal. 342, that a judgment absolutely void upon its face may be attacked

-4-

ANYWHERE, directly or collaterally. And at any time pursuant to the Courts holdings in Carter v Carter, 148 Cal.App.2d 845. Wherefore, by the preceding Judges, who had a DUTY owed to the Petitioner to pronounce the trial courts judgment a NULLITY, without delay, but declined to exercise the jurisdiction which was given to them or usurped that which was not given, by rendering any other order or judgment, which did not reverse the trial courts void judgment, was acting without jurisdiction to aid in the Prosecution's conspiracy to murder the Petitioner. The one or the other was treason to the Constitution. pursuant to the Courts holdings in U.S. v Hill, 499 US 200.

Conclusion

Having shown good cause in this entitled case and being without lawfully appointed counsel due to the court's lack of jurisdiction to lawfully appoint one, because the federal grand jury subpoena was never lawfully admitted into evidence, the below relief section should be granted in its entirety. The Petitioner, Steven Bonilla, has clarified all claims through prior verified exhibits presented to the court, and through cases cited of well established law, proving factual and bonified prima facie showing. And by most of all the record itself, which absolutely proves that the federal grand jury subpoena, supposedly issued February 19, 1988, was never lawfully admitted into evidence. For the judges who have claimed that the Petitioner failed to present any exhibits to support his claim are ignorant to the fact that which is mentioned or cited in a petition is included

in its entirety, as being presented with the petition whether it being a case, citing or the record itself. Therefore, by referring to the record in the petition, it made the entire record a part of the petition. Thus, the Petitioner has presented absolute, indisputable proof that the trial court never acquired jurisdiction of subject matter and of person. For the judges who are not aware of the law governing jurisdiction of subject matter and of person; which was established in 1866-1867 [30 Cal.439; 33 Cal, 505], that when the judgment is attacked collaterally, (in an independent suit in Equity), the jurisdiction of the court "MUST BE DETERMINED BY THE RECORD ALONE."

The court held in Nagel v P+M Distributors, 273 Cal. App.2d 176, that when a judgment or order is void on its face and which requires only an inspection of the judgment roll or record to show its invalidity, it may be set on motion at any time after its entry by the court which rendered the judgment or made the order. Because, as a matter of law, that which is referred to in the petition becomes part of the motion presented to the court. So by Judge Clay and Judge Horner being presented with the petition, that MUST include the record, which ALONE determines the jurisdiction of the judgment, thus, Judge C. Don Clay and Judge Jeffrey W. Horner, have in in. fact inspected the record, along with all other judges that were presented with the motion attacking the trial court's lack of jurisdiction, which shows the invalidity of the judgment. Which makes it simply a ministerial

-6-

DUTY, owed to the Petitioner, to pronounce the trial court judgment a "NULLITY", as determined by the record ALONE, and not the judge. The failure/refusal of Judge Clay/Judge Horner (trial court replacement judges), to have performed this ministerial DUTY, owed to the Petitioner, is absolute proof that they are acting in concert, as coconspirators to murder the Petitioner, under the Color of Law in violation of the Clean Hands Doctrine, [390 US 740], which holds, for the court/Judge to aid the Prosecution in such a case of FRAUD AND DECEIT, makes the court/Judge THE ABETTOR OF INIQUITY.

## Relief Sought

(1). The innocent Petitioner who has been enslaved for the past thirty (30) years due to the Prosecution's FRAUD AND DECEIT, DEMANDS what he is owed by the court, as a matter of law, pursuant to the interest of Justice. That the court perform its MINISTERIAL DUTY to pronounce the judgment a "NULLITY". Since it has been determined and absolutely proven by the record, which ALONE, makes the determination, as a matter of very old and well established laws which leaves only the court/judge with the MINISTERIAL DUTY to perform that which is owed to the Petitioner, to simply pronounce the judgment a "NULLITY". For the Judge to decline to perform this MINISTERIAL DUTY in exercising the jurisdiction which was given to him by the Constitution, that he swore an oath to uphold the Constitution and its laws, would be committing TREASON TO THE CONSTITUTION.

(2). Which demands the immediate release of the innocent Petitioner from his unlawful imprisonment and involuntary servitude/slavery. [356 F. 2d 657].

(3). Demanding the recusal of Judge(s)/Defendant(s) from the case for Cause/Conflict of interest. They have [KNOWINGLY] committed acts of TREASON TO THE CONSTITUTION. For them to now reside over a VETERAN who served his country Honorably in time of WAR and has been loyal to his oath given to this great country, it would be disrespectful to all VETERANS who have been loyal to the Constitution that we swore to protect to now be ruled upon by a TREASONIST, which they cannot deny, as proven by the record and their failure to preform their ministerial duty to pronounce the trial judgment a "NULLITY".

(4). The Petitioner demands that the court request a full and complete investigation by the United States Department of Justice into the Conspiracy by the federal and state agents involved in fraudulently fabricating the February 19, 1988 federal Grand Jury Subpoena, so as to use it in executing-murdering the innocent Petitioner under the Color of law and authority, in violation of 18 USC Criminal Code sections 241 and 242. And to investigate all those on the bench who have committed acts of TREASON TO THE CONSTITUTION in order to aid in concert with the Prosecution's Civil Conspiracy to fraudulently frame an innocent citizen to applase the news media. Should the defendant rule on this petition, then it should be considered another act of TREASON on their part.

- 8 -

(5). To Compel Francie Koehler and Randy Ontiveros to disclose, in a declaration, the name of the telephone company employee who sold them the Petitioner's telephone records in violation of §2891 of the Public Utility Code.

(6). The innocent Petitioner demands, as a matter of law and in the interest of Justice for the Court to immediately order a Bench Trial to correct this 30 (thirty) years of miscarriage of justice and for the Petitioner to be present at such a trial to rebut any further applications of rules or law that does not apply to a void judgment; When it is void on its face; it is simply a NULLITY, and can be neither the basis nor evidence of any right whatever, pursuant to the Court's holdings in Nagel v. P.M, 273 Cal App 2d 176.

(7). For the Court to grant any and all relief this Honorable Court deems necessary and just for the 30 (thirty) of miscarriage of justice committed by federal and state agents in their Civil Conspiracy to execute-murder the innocent Petitioner, Steven Wayne Bonilla, under Color of Law and Authority, to appease the news media.

Verification

I declare under penalty of perjury that the foregoing is true and correct, including the record and other exhibits mentioned in this petition pursuant to 28 USC § 1746.

Dated: September 9, 2018

Respectfully Submitted
Steven Wayne Bonilla

-9-

Steven Wayne Bonilla
J-48500, 3-EY-13
San Quentin, CA 94974
Petitioner


United States District Court
Eastern District of California


| | |
|---|---|
| Steven Wayne Bonilla,<br>Plaintiff/Petitioner,<br>    vs<br>Ynette Reno, Mark V. Bacciarini,<br>Leava Eddings, S. Sandoval,<br>Linda Romero Soles, C. Juarez,<br>Sheri Pimental, John Doe<br>1-15,<br>   Defendants | Case No.<br><br>Independent Suit In Equity<br>Challenging Void Orders and<br>Judgments in acts of TREASON<br>to the Constitution.<br>[273 Cal. App. 2d 752].<br><br>[Demand For Bench Trial, and<br>to be Present at Such Trial]<br><br>—Expedited Review Requested— |

- 1 -

## Introduction

Petitioner, Steven Wayne Bonilla, comes before this Honorable court in demand of a Bench Trial, and to be present at such trial. Petitioner is requesting this for the purpose of presenting his valid claims which are bolstered by verified documents in evidence.

A Bench Trial would serve several purposes. One being to preserve the Court's limited time and for judicial economy. And to limit motion pleadings to a bare minimum, again for judicial economy of the Court's limited time. A Bench Trial would also give the Petitioner the ability to properly present his case in a hearing which he has never had and to arguendo if necessary Petitioner's verified, valid documents, including the record itself, and case law, in support of his entitled case and cause. Having a Bench Trial, in pursuant to the Court's holdings in Thomas v. Teets, 205 F.2d 236, would ensure Petitioner's Due Process and meaningful access to the Court considering there has never been a hearing on the trial court's lack of jurisdiction of subject matter and of person, which has only been ignored by the judges. The Court/Judge has a DUTY to prove, on the record, jurisdiction exist, by determining whether or not the February 19, 1988 federal grand jury subpoena was admitted into evidence. The Court cannot lawfully proceed ANY FURTHER until jurisdiction is determined [67 F.R.D. 22, 25].

## Claim I - Legal Argument

In 1821 the Court held in Conn. v. Virginia, 6 Wheat. 264, and again in U.S. v. Hill, 499 U.S. 200, that Judges have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one

-2-

or the other would be TREASON to the Constitution.

In 1859 the court held in Ableman v Booth, 21 Howard 506, that no judicial process whatever form it may assume, can have any lawful authority, outside of the LIMITS of the jurisdiction of the court or judge, by whom it is issued; and any attempt to enforce it beyond these boundaries is nothing less than lawless violence.

In 1850 the court held in Williamson v Berry, 49 US 495, that if a court/Judge acts without authority, its judgments and orders are NULLITIES; they are not voidable but simply void, and form NO BAR to a recovery sought even prior to a reversal, in opposition to them; they constitute NO JURISDICTION, and all parties concerned in executing such judgments, or sentences, are considered in law as thespassers (on one's guaranteed Constitutional Rights) [18 USC §241, 242]

A void judgment is a legal NULLITY and a Court considering a motion to vacate has no discretion in determining whether it should be set aside [67 F. Supp. 11]. A court has no discretion in a motion made pursuant to Rule 60 (b)(4), F.R.C.P., because a judgment is either VOID OR IT IS NOT. [691 F.2d 1, 2].

The Court held in Thomas v Teets, 205 F.2d 236, the court is required to assume verified allegations and exhibits are true. Wherefore, if an applicant for habeas corpus is denied without issuing the writ or without issuing an order to show cause, he has been denied due process, and failing to be present at the hearing on his motion to

-3-

vacate judgment is a violation of due process clause of the Fifth Amendment. [201 F. 2d 174, 175].

## Claim II - Legal Argument

The decision to grant relief under Rule 60 (b)(4), F.R.C.P., is not discretionary. The sole function of the Reviewing Court is to decide whether the earlier judgment is void because the rendering court lacked jurisdiction. IF VOIDNESS IS FOUND RELIEF IS MANDATORY. (trial judge has no discretion and MUST grant appropriate Rule 60 (b) relief, pursuant to the Court's holdings in Case No [573 F. Supp. 341, 344].

## Claim III - Legal Argument

In 1865 the court held in McMinn v Whelan, 27 Cal. 300, if it appears by the record, as the Petitioner has verified, that the February 19, 1988 federal grand jury subpoena was never admitted into evidence, then the court/ and the trial court, never acquired jurisdiction of subject matter and of person; Because NONE of the proffered evidence is lawfully admissible pursuant to Rule 403 of the Cal. Evidence Code, this is so whether the verified, sworn allegations of the Petitioner challenging the court's lack of jurisdiction comes or made directly in any type of pleading or made in a collateral INDEPENDENT SUIT IN EQUITY, when the record shows the judgment lacks subject matter jurisdiction, the court has a DUTY, owed to the Petitioner, TO PRONOUNCE THE JUDGMENT A NULLITY, and this is so whether the Reviewing Court be of inferior or superior jurisdiction. NO matter in what form of pleading the challenge to the courts

-4-

jurisdiction is presented to the court, the court can neither ignore the challenge of its authority, nor lawfully proceed further until proving on the trial court's record that it acquired jurisdiction. That the February 19, 1988 subpoena, from which all of the evidence in the case was the fruit, thereof, was admitted legally into evidence. Otherwise, the Reviewing Court lacks authority to render any order or judgment and its jurisdiction is limited to only reversing the trial court's void acts, (judgment). [474 F.2d 275; 116 F.2d 449, 453; 35 Cal.4th 180]. A void order or judgment is subject to collateral attack at any time and in any place, [148 Cal. App. 2d 845] and a party cannot be precluded, for any reason, from raising the question of the court's jurisdiction, [67 F.R.D. 22, 25]. The Reviewing Court may dismiss a case for lack of jurisdiction at any stage of the proceeding. [495 F.2d 906].

Claim IV - Legal Argument

Pursuant to the Court's holding in 67 F.R.D. 22, 25, the Court cannot proceed ANY FURTHER until the question of jurisdiction is proven, on the record, by showing that the February 19, 1988 subpoena was lawfully admitted into evidence, which cannot be done because the subpoena was never lawfully admitted into evidence, as verified, under oath, by the Petitioner, under penalty of perjury. Therefore, this Reviewing Court's jurisdiction is LIMITED to only reversing the trial court's void judgment.

Claim V - Legal Argument

By de facto, the defendant has refused and declined to

-5-

exercise the jurisdiction which was given to the defendant to reverse the trial courts void judgement. WHICH IS A DUTY OWED TO THE PETITIONER. But instead usurped that jurisdiction which was not given by rendering decision(s) without lawful authority and without jurisdiction of subject matter and of person to aid and in concert with the Prosecution's Civil Conspiracy to execute-murder the Petitioner under Color of Authority and Law to appease the news media [See Exhibit A]. Which were both acts of TREASON pursuant to the Court's holdings in Conn. v Virginia (Id) and U.S. v Hill (Id). Judges that are clearly at WAR WITH THE CONSTITUTION, as shown here, should not be allowed to use the Bench to commit their acts of TREASON TO THE CONSTITUTION in violation of the oath they took in violation of 18 USC § 241, 242.

It is well established law that a Judge is liable for acts committed to the damages of the Plaintiff/Petitioner where he has no jurisdiction at all in a particular case [217 Miss 576]. By the defendant precluding the Petitioner from raising the question of jurisdiction by ruling without jurisdiction of subject matter and of person or unlawfully transferring the case to the ignoring Alameda County, the defendant has joined and actively participated in concert with the Prosecution's Civil Conspiracy became liable for the previous acts of his co-conspirators and for the overt acts done pursuant to the common design of the Conspiracy [53 C 2d 643], to execute-murder the Petitioner to appease the news media. Therefore, the defendant is liable for Judge C. Don Clay's bogus ruling.

- 6 -

## Claim VI - Legal Argument

Steven Wayne Bonilla
Plaintiff / Petitioner
vs
Judge C. Don Clay,
Alameda County,
John Doe 1-15,
Defendants

In re: to the matter of
Steven Wayne Bonilla's
Void Judgment rendered
by Alameda County
Superior Court, Case
no. H-12210-A, which
they refuse to take
into consideration
and prove otherwise

The Void Judgment is being challenged in this Independent Suit in Equity. [273 Cal. App. 2d 752].

Therefore, this Reviewing Court's Jurisdiction / authority is LIMITED to Reversing the trial court's Void Judgment. Any other order or Judgment by this Court, without proving that the February 19, 1988 subpoena was admitted into evidence, is void on its face for lack of subject matter jurisdiction. [35 Cal. 4th 180]. Wherefore, this Court has a DUTY owed to the Petitioner to pronounce the Void Judgment a NULLITY. [27 Cal. 300]. Demanding to be present at a Bench Trial.

A party cannot be precluded nor barred for any reason, from raising the question of jurisdiction, [67 F.R.D. 22, 23; 49 US 495] at any time and in any place. [148 Cal. App. 2d 845].

## Introduction

Judge C. Don Clay of Alameda County Superior Court in Case No. H-12210-A has refused and failed to prove that the court ever acquired jurisdiction of subject matter and of person. As shown by the record, the court never acquired jurisdiction, because NONE of the proffered evidence of the February 19, 1988 federal grand jury subpoena, from which all of the evidence in the case is the fruit thereof, was never admitted into evidence. Thus, pursuant to Rule 403 of the Cal. Evidence Code, NONE of the proffered evidence is lawfully admissible evidence. With there being no subject matter, as proven by the record's lack of the subpoena having been admitted into evidence, there can be no subject matter for the court to have lawfully rendered the judgment, proving that the judgment is void on its face. The court held in Textile Banking v. Rentschler, [657 F.2d 844, 850], that, IF VOIDNESS IS FOUND, RELIEF IS MANDATORY. (trial judge has (had) no discretion and MUST grant appropriate Rule 60(b) relief). Cited in [573 F. Supp. 341, 344].

## Claim I - Legal Argument

The court held in Hickory v Roby, 273 Cal. App. 2d 752, when a judgment has been obtained through FRAUD, it may be set aside THOUGH LONG SINCE FINAL, by an INDEPENDENT SUIT IN EQUITY or by motion in the principal proceeding who has been deprived of an opportunity to present his case or obtain a fair adversary proceeding. Pursuant to the court's holdings in In re Carpenter, 9 Cal 4th 634, the trial court retains original jurisdiction over subject matter in habeas corpus proceedings.

Petitioner was deprived of the opportunity of presenting:

(1) That there is no subject matter nor subject matter jurisdiction because the February 19, 1988 federal grand jury subpoena was never admitted into evidence. Thus, pursuant to Rule of the Cal. Evidence Code, NONE of the proffered evidence is lawfully admissible. Therefore, there can be no jurisdiction of subject matter and of person for the trial court to lawfully render judgment.

(2) One does not knock out a victim teeth, (See Exhibit B), and crush his nose flat, when his mouth is duct taped shut and his handscuffed behind his back in a deliberate act of premeditated murder. It was Brad Keyes punch the victim repeatedly in the face after he had been subdued. Which resulted in the victim's accidental death. Which Brad Keyes deliberately omitted from his false an fabricated testimony accusing William Nichols of suffocating the victim to death. Obviously, the act of suffocating someone to death does not include knocking out 7 (seven) of his teeth (See Exhibit B) and literally crushing his nose. Which is why Brad Keyes deliberately and intentionally omitted from his testimony that he had repeatedly punched the victim in the face after he had been subdued. Which makes Brad Keyes false and fabricated testimony accusing William Nichols of suffocating the victim to death, contradicted by these withheld facts NOT presented to the jury. All of these facts were [KNOWN] to the Prosecutor, Jonathan Goodfellow, but he chose to COMMIT FRAUD UPON THE COURT by presenting Keyes' false and fabricated testimony, to the jury to appease the news media. [See Exhibit A]. Therefore, this Reviewing Court has a DUTY to pronounce the judgment a NULLITY and to immediately release the innocent Petitioner from

his false imprisonment. [27 Cal. 300; 35 Cal. 4th 180].

## Claim II. - Legal Argument

Judge C. Don Clay of the Alameda County Superior Court,
August 2, 2018 ruling, (see Exhibit C), [FALSELY]
claimed that:

"Currently, there is no criminal proceeding before
this (trial) court... a motion is not an independent remedy;
it is ancillary to an on-going proceeding. After judgment
has become final there is nothing pending to which
this motion may attach. Here, there are no pending criminal
proceeding and Defendant's judgment was final in 2007...
Therefore, Defendant is not entitled to relief sought."

In short, the Defendant is not entitled to relief from
a void judgment for a crime of premeditated murder
that never took place.

A party cannot be precluded from raising the
QUESTION of JURISDICTION at any time and in any place for any
reason. [67 F.R.D. 22, 25; 148 Cal. App. 2d 845; 49 US 485; 273 Cal. App. 2d 176].
The court held in Case no. 573 F. Supp. 341, 344, that the victim
to grant relief under Rule 60 (b) of the Federal Rules of Civil
Procedure is not discretionary. The sole function of the
Reviewing Court is to decide whether the earlier judgment
is void because the rendering court lacked jurisdiction.
[83 F.R.D. 556, 559]. IF VOIDNESS IS FOUND, RELIEF IS
MANDATORY. [657 F. 2d 844, 850]; (TRIAL JUDGE HAS NO
DISCRETION AND MUST GRANT APPROPRIATE RULE 60 (b)
RELIEF. [597 F. 2d 220, 224 n. 8].

## Claim III - Legal Argument

Judge C. Don Clay's August 2, 2018 ruling leaves no doubt that he has avoided answering and proving that the trial ever acquired jurisdiction of subject matter and of person. By his VOIDNESS, he has and continues/Conspiracy willingly, by unlawful rulings, to aid the Prosecution to murder-execute the Petitioner. Which is [KNOWN] by all mentioned parties involved, previously filed with the court, to be innocent beyond any reasonable doubt. All said criminal acts [KNOWN] to be unlawful, and are/were perpetrated under Color of Law to deprive the Petitioner of his life, and his guaranteed Constitutional Right to Due Process, Equal Protection of the Law, and meaningful access to the Court. No lawful jurisdiction of subject matter nor of person was, nor has ever been establish on the record because no such subpoena, supposedly issued February 19, 1988 ever existed. As admitted by the Federal Bureau of Investigation (FBI), and the United States District Attorney's Office, under oath, in declarations pursuant to a court order in Federal case No. C-02-0636 MHP, which by defacts, with Prosecutors in violation of 18 USC Criminal Code § 241, 242; 42 USC § 1981, 1983, 1985, 1986, and California Penal Code § 182, and a clear showing of OBSTRUCTION OF JUSTICE by Judge C. Don Clay's August 2, 2018 ruling.

## Conclusion

Having shown good cause in this entitled case the below relief section should be granted in its entirety. The Petitioner has clarified all claims through prior verified exhibits presented to the court and through cases cited of established law providing factual and bonified prima facie showing.

## Relief Sought

(1). For the Court to order a Bench Trial forthwith and for the petitioner to be present at such trial.

(2). To immediately, [WITHOUT DELAY], issue an order to show cause pursuant to the court's lack of jurisdiction of subject matter and of person.

(3) When the court records, as verified by the Petitioner, shows that the February 19, 1988 federal grand jury subpoena was not lawfully admitted into evidence, the court MUST pronounce the trial court's judgment and all other court orders and judgments pertaining to the Court's lack of jurisdiction be pronounced NULLITIES.

(4). Followed by immediately releasing the innocent Petitioner from his unlawful imprisonment and 30 years of involuntary servitude pursuant to [356 F.2d 654].

(5). To request a full and complete investigation by the Department of Justice into all criminal acts by state and federal agents in the conspiracy to execute-murder the Petitioner under Color of Law and authority in violation of 18 USC § 241 and 242.

(6). To compel Francie Koehler and Randy Ontiveros to disclose the name of the telephone company employee who sold them the Petitioner's telephone records.

(7). To grant any and all relief this Honorable Court deems necessary and just for the miscarriage of justice committed by state and federal agents.

## Verification

I declare under penalty of perjury that the foregoing is true and correct including exhibits and all prior exhibits submitted to the court, pursuant to 28 USC § 1746.

Dated: September 1, 2018                    Respectfully Submitted

                                            Steven Wayne Bonilla

## Declaration Of Reverend Gregory Kuehn

I, Reverend Gregory Kuehn, hereby declare as follows:

1. My name is Reverend Gregory Kuehn, I am the Pastor of the Sierra Bible Church in Reno, Nevada, and I briefly provided Bradley Keyes with spiritual counseling just prior to his surrender to the authorities in Pleasanton, California, in 1988. I also testified at Mr. Bonilla's trials in 1992 and 1994.

2. I met Mr. Keyes through his wife's family members, who were parishioners at the church. Mr. Keyes was a member of our congregation for a short period of time right before turning himself into police custody for the killing of Jerry Harris. At Mr. Keyes request, I drove with him from Reno, Nevada, to Pleasanton, California, where I accompanied him into the building where he surrendered himself.

3. During Mr. Keyes surrender and booking, I had the opportunity to meet and speak with Assistant District Attorney Jon Goodfellow. At one point I was alone with Mr. Goodfellow in a room at either the District Attorney's office or a police station. It was during this time that Mr. Goodfellow revealed to me his intention to seek the death penalty against Steven Bonilla and his co-defendant, Williams Nichols.

4. When I asked Mr. Goodfellow why he felt it was necessary to use the death penalty in the prosecution of this crime, he told me that he needed to get the critics of the district attorney's office off his back. Mr. Goodfellow went on to explain that his office was being scrutinized for its use of the death penalty against minority defendants and that they needed to put "more white people" on death row to balance the population disparities and silence the critics. According to Mr. Goodfellow, his office would not have otherwise sought the death penalty against either Mr. Bonilla or Mr. Nichols.

5. This discussion that I had with Mr. Goodfellow never came up during my previous conversations with anyone because no one asked me about it and I didn't think it was important. Herbert Duzant, an investigator with the Federal Public Defender office, was the first person to ask me whether Mr. Goodfellow ever mentioned the reasoning behind the District Attorney Office's decision to seek death against Mr. Bonilla. Had I been asked earlier, I would have provided Mr. Bonilla's previous representatives with the same details and I would have testified to it on the stand at both trials.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Washoe County, Nevada, on June 30, 2014.

Reverend Gregory Kuehn

EXHIBIT B

| | | | | | | | | | | U | L | 21 | 22 | 45 | M | | F |

**INSTRUCTIONS:**

1. MARK LOCATION OF WORK ON TOOTH SURFACE.
2. GIVE DESCRIPTION OF WORK DONE, MISSING TOOTH, FILLING, ETC. ON LINE CORRESPONDING TO TOOTH NUMBER.
3. PENCIL IN IDENTIFYING ROOT STRUCTURES FOR INDIVIDUAL TEETH.

PLATES | AGE | SEX

3 UNIT BRIDGE

1  MISSING ANTEMORTEM
2  PORCELAIN FUSED TO METAL CROWN BRIDGE ABUTMENT
3  MISSING ANTEMORTEM - PORCELAIN FUSED TO METAL CROWN
4  PORCELAIN FUSED TO METAL CROWN - BRIDGE ABUTMENT
5  MOD AMALGAM
6  DISTAL AMALGAM
7
8

16  MISSING ANTEMORTEM
15  OCCLUSO-LINGUAL AMALGAM BUCCAL AMALGAM
14  MISSING ANTEMORTEM
13
12  PORCELAIN FUSED TO METAL CROWN
11  DISTAL AMALGAM
10  MESIAL COMPOSITE
9

3 UNIT BRIDGE
2 MISSING TEETH

32  IMPACTED 3RD MOLAR
31  FULL CAST METAL CROWN SILVER COLOR - ROOT CANAL
30  MESIO-OCCLUSO-DISTAL AMALGAM
29  DISTO-OCCLUSAL AMALGAM
28  .
27
26  PORCELAIN FUSED TO METAL CROWN - BRIDGE ABUTMENT
25  MISSING ANTEMORTEM

17
18  MISSING ANTEMORTEM
19  FULL CAST GOLD CROWN
20  DISTO-OCCLUSAL AMALGAM
21
22
23  PORCELAIN FUSED TO METAL CROWN - BRIDGE ABUTMENT
24  MISSING ANTEMORTEM - PORCELAIN FUSED TO METAL CROWN

COMPLETED BY: GREG V. DOWNING DDS
LOUIS U PATERN DDS

CORONERS CASE # OCHS-88A
JOHN DOE
D.D.S.    DATE JAN 12 1988

DNIC17619

label Aero. There is a tan sock on the right foot. The left foot
is covered by a tan sock. Also received with the body but no
longer adherent to the body are a pair of white shorts with the
label Nordstrums size 34. There is extensive tearing of the
lateral aspect of these shorts.

## EXTERNAL EXAMINATION:

The head shows extensive mummification. The right and left ears
are mummified with extensive adherent dirt and sand. The eyes
show extensive caked dirt and sand. The nose is markedly
flattened. The teeth are in moderately good repair. The second
molar is missing on the left lower jaw. There is a complete crown
on the first left molar. There is also a silver type filling in
the first molar. There is also a silver filling on the right
first molar and a crown on the right second molar. On the upper
jaw there is a crown on the right back molar. The left second
molar is missing. The lower jaw shows an impacted third molar on
the right. The hair is light brown and measures up to 5 cm. in
length. There are scattered streaks of gray intermixed among the
light brown hair. The hair has been peeled back over the right
parietal region and right frontal region and the left temporal
region of the head. The chest shows adherent gray chest hair.
There is extensive decomposition and mummification of the skin
over the chest. There is also adherent sand and dirt. The
abdominal cavity is open with there being a 16 cm. X 25 cm.
defect in the skin over the abdomen. The underlying viscera are
exposed. The genitalia show a shrunken scrotum and shrunken
penis. There is extensive mummification of the genital organs.
The right lower extremity shows extensive mummification of the
skin. There is adherent dirt and sand. The left lower extremity
shows complete exposure of the left femur and the lateral aspect
of the left pelvis. The superior aspect of the left tibial bone
is exposed however there is adherent skin and soft tissue to the
inferior portion of the left lower leg. The feet are intact. The
posterior aspect of the head in the right occipital region shows
gray plastic material resembling duct tape adherent to the hair.
This adherent material measures 4.2 cm. X 3.5 cm. X 0.3 cm. in
dimension. Examination of the back shows no perforations or
defects in the skin. There is a scar in the right lower quadrant
approximately at the level of the right pubic ramus. This scar
measures 6.5 cm. in length. There is also a scar over the lateral
aspect of the right pelvic bone approximately 5 cm. inferior to
the superior anterior iliac spine. This scar measures 7.3 cm. in
length. There is a chain around the neck which has a pendant
consisting of a coin with an Indian head emblem on one surface.
The right upper extremity shows mummification and extensive
adherent sand and dirt. No identifying marks are noted. On the
left upper extremity there is extensive decomposition change and
mummification. There is extensive adherent sand and dirt. No
identifiable marks or defects are seen. After reflecting the skin
from the chest the medial aspects of the 12th, 11th, 10th, and
9th ribs are absent. A missile is recovered from the right
perivertebral muscle at approximately the level of S-1. This
missile measures 1.0 cm. in length X 0.4 cm. in diameter. No

EXHIBIT C

**ENDORSED**
**FILED**
ALAMEDA COUNTY

AUG 2 2018

CLERK OF THE SUPERIOR COURT
By Shay Ryans, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF
CALIFORNIA,
                Plaintiff and Respondent,

v.

STEVEN WAYNE BONILLA,
                Defendant and Petitioner..

No. H12210A

ORDER DENYING MOTION

       This court having reviewed the ex parte motion, filed on July 30, 2018, by STEVEN BONILLA *in propria persona*, NOW HEREBY ORDERS:

       The Motion is DENIED.

       Currently, there are no criminal proceedings pending before this court. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337-338; *People v. Ainsworth* (1990) 217 Cal.App.3d 247, 251; *People v. Sparks* (1952) 112 Cal.App.2d 120, 121.) A motion is not an independent remedy; it is ancillary to an on-going proceeding. (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 76–77.) After judgment has become final, there is nothing pending to which this motion may attach. (*Ibid.*) Here, there are no pending criminal proceedings and Defendant's judgment was final in 2007. (*People v. Bonilla* (2007) 41 Cal.4th 313.)

       Therefore, Defendant is not entitled to the relief sought.

DATED: _Aug 2, 2018_

                            HON. C. DON CLAY
                            JUDGE OF THE SUPERIOR COURT

Steven Wayne Bonilla

J-48500, 3-EY-13

San Quentin CA 94974

United States District Court
Eastern District of California

| In re: to the matter of | Case no. |
| Steven Wayne Bonilla's | |
| Void Judgment rendered | 18 U.S.C. § 1361 Demands |
| by Alameda County | this Honorable Court to compel |
| Superior Court, Case No. | Judges to perform a DUTY owed to |
| H-12210-A, which Alameda | Steven Wayne Bonilla to Vacate |
| County Court, and all other | the Void Judgment and to |
| County Courts, have refused | immediately release him |
| to take into consideration | from his false and |
| "AND PROVE OTHERWISE" that | unlawful imprisonment |
| the JUDGMENT IS VOID | |
| ON ITS FACE. | -- Expedited Review Requested-- |

Introduction

As sworn to and verified by the Petitioner, Steven Wayne Bonilla, and supported by the record itself, all of the evidence in the case is the fruit of a federal grand jury subpoena, supposedly issued February 19, 1988, that was never admitted into evidence. Thus, pursuant to Rule 403 of the

-1-

Evidence Code of California, NONE of the proffered
evidence is lawfully admissible.

claim I - Legal argument

When judgment is attacked collaterally, jurisdiction
of the court must be determined by the record ALONE.
[Sharp v Daugney (1867) 33 Cal. 505]

Where lack of jurisdiction appears upon face of
record, judgment to that extent is void on its face
and may be vacated at any time [62 Cal. App. 75 ; 95 F.
Supp. 962].

Judgment absolutely void upon its face may be
attacked anywhere directly or collaterally, either by
parties or strangers. [Forbes v Hyde (1866) 31 Cal. 342].

Void order or judgment is subject to collateral attack
at any time and in any place [Carter v Carter, 148 Cal. App.2d 845]

As in this case, with there being NO LAWFULLY
ADMISSIBLE EVIDENCE, any judgment or order rendered
by a court lacking subject matter jurisdiction is
void on its face. [Varian v Delfino, 35 Cal. 4th 180].

Federal Rules of Civil Procedure, Rule 12 (h) (3) provides
that whenever it appears by suggestion of the parties
or otherwise that the court lacks jurisdiction of the
subject matter, the court shall dismiss the action.
A court lacking jurisdiction cannot render judgment
but "MUST" dismiss the cause at any stage of the
proceeding in which it becomes apparent that jurisdiction
is lacking. [495 F. 2d 906].

Subject to a void judgment being collaterally attacked

-2-

at any time and in any place, the reviewing court's
jurisdiction is limited to reversing the trial court's
void acts / Judgment. [Varian v Delfino, 35 Cal. 4th 180].

## Claim II - Legal Argument

This presentation with all supporting verified
evidence, (the record itself), clarifies our Federal
and state courts have attempted and in many cases have
OBSTRUCTED, DELAYED, CIRCUMVENTED, AND CREATED
OBSTACLES RELATED TO ADDRESSING AND CORRECTING
THE ISSUE AT BAR.

A Judge's oath of office to obtain vested authority
is founded upon "Equal application of compliance
to Demands, DUTIES, OBLIGATIONS to the Constitution
and Laws. To "IGNORE" the DUTIES owed by vested
authority underminds the Constitution and Laws of
the United States and perpetrates a FRAUD UPON THE COURTS.
This may well establish acts of TREASON or violations
of the Patriot Act.

It is a principle in chancery, that he who asks for
relief must have acted in good faith. The equitable
powers of the court can never be exercised in
behalf of one who has acted fraudulently or who
by deceit or any unfair means has gained an
advantage. (By claiming all of the evidence in
the case being the fruit of a subpoena which
never existed nor was it ever admitted into evidence).
To aid a party in such a case would make the court
the abettor of iniquity. [290 US 240].

-3-

all of the Judges/Courts presented with the collateral attack on the trial courts lack of jurisdiction, shown on the face of the record, have abused their vested authority; which commands accountability for failures - Refusals to accept rules, oath and DUTIES invoked and Donded by Laws of the United States of America. [See Furmon v. Georgia, 408 US 238; 33 L. Ed. 2d 346; 92 S. Ct. 2726].

## Conclusion

Having shown good cause in this entitled case and being without lawfully appointed counsel due to lack of jurisdiction, the below relief section should be granted in its entirety. The Petitioner has clarified all claims through prior verified exhibits presented to the court and through cases cited of well established law proving factual and bonified prima facie showing. And by most of all, the record itself, which absolutely proves that the Federal Grand Jury Subpoena, supposedly issued February 19, 1988 was never admitted into evidence.

## Relief Sought

(1). For the Court to immediately order a Bench Trial to correct this miscarriage of justice and for the Petitioner to be present at such trial.

(2) To immediately issue an order to show cause based on the court's lack of jurisdiction due to the federal grand jury subpoena, dated February 19, 1988 was not lawfully admitted into evidence.

(3). When the court records are inspected as verified by

-4-

the Petitioner, showing that the February 19, 1988 federal grand jury subpoena was never lawfully admitted into evidence, pursuant to the Court's holdings in Mc Minn & Whelan (1865) 27 Cal. 300, the Court MUST pronounce the trial court's judgment a NULLITY.

(4). Which demands the immediate release of the innocent Petitioner from his unlawful imprisonment and involuntary servitude. [356 F.2d 657].

(5). To request a full and complete investigation by the U.S. Department of Justice into the conspiracy by the federal and state agents involved in fraudulently fabricating the February 19, 1988 federal grand jury subpoena so as to execute-murder the innocent Petitioner under color of Law and authority in violation of 18 U.S.C. § 241 and 242.

(6). To compel Francie Koehler and Randy Ontiveros to disclose, in a declaration, the name of the telephone company employee who sold them the Petitioner's telephone records in violation of § 2891 of the Public Utility Code.

(7). To grant any and all relief this Honorable Court deems necessary and just for the miscarriage of just committed by state and federal agents in their conspiracy to execute-murder the innocent Petitioner under the Color of Law.

Verification

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746 on September 5, 2018,

Respectfully Submitted
Steven Wayne Bonilla

-5-

Steven Wayne Bonilla / Petitioner

J-48500, 3-EY-13, San Quentin CA 94974

## United States District Court - Eastern

| | |
|---|---|
| In re: to the matter of | Case No. |
| Steven Wayne Bonilla's | The Court Must Issue an Order to Show |
| Void Judgment of Alameda | Cause or the Court Judge and Court Clerk |
| County Superior Court, | are acting in concert with the Conspiracy |
| Case No. H-12210-A. | to Murder the Petitioner Under the |
| | Color of Law and Authority. |

## Claim I - Legal Argument

The Court held in People v Romero, 8 Cal. 9th 728, as the means by which a judicial preceding is instituted, the issuance of an order to show cause is [MANDATORY, NOT OPTIONAL]. [Cal. Penal Code §1476] states that any court or judge authorized to issue an order to show cause, (pursuant to Cal. Const. Art. VI, §10), to whom a petition therefor is presented, "MUST," if it appears that the writ ought to issue, grant the same without delay. This Court, (Romero), has confirmed this is a statutory COMMAND; If a petition makes a prima facie showing for relief -- that is whether facts that, if true, entitles the Petitioner to relief, Wherefore, surely, if the court lacks subject matter jurisdiction the Petitioner is [ENTITLED TO RELIEF]. That the return MUST be responsive to the alleged claim that the federal grand jury subpoena, supposedly issued, February 19 1988, from which all of the evidence in the case is the fruit thereof, was never admitted into evidence. Which is all

-1-

1  inadmissible pursuant to Rule 403 of the Evidence Code.
2  The function of the order to show cause is to institute
3  a proceeding in which issues of fact are to be framed and decided.
4    The issuance of the order to show cause creates a "CAUSE",
5  thereby triggering the state constitutional requirement that the
6  cause be resolved in writing with reason stated. [Cal. Const. Art. VI §14].
7    Once the issuance has been joined by way of a return and
8  traverse, THEN AND ONLY THEN, the Court must determine whether
9  an evidentiary hearing is needed. But when the return effectively
10  acknowledges or admits that the subpoena was never admitted into
11  evidence, there is no subject matter nor subject matter jurisdiction.
12  Therefore, this Court must vacate the judgment and immediately
13  release the innocent Petitioner from unlawful custody.
14                    Claim II - Legal Argument
15    A void order or judgment is subject to collateral attack at any time
16  and in any place [148 Cal. App. 2d 845]. Therefore, this Reviewing Court's
17  jurisdiction is limited to reversing the trial court's void judgment;
18  And any other judgment, order, or transfer would be without subject
19  matter jurisdiction, is void on its face [35 Cal. 4th 180] and in violation
20  of established law denying transfer. [573 F. Supp 341, 344; 94 Cal. App. 4th 836].
21                        Relief Sought
22    The issuance of an order to show cause or the Judge and Court Clerk
23  are seen as acting in concert with the conspiracy to murder the Petitioner.
24                        Verification
25    I declare under penalty of perjury that the foregoing is true
26  and correct pursuant to 28 USC §1746 on August 29, 2018.
27                            Respectfully Submitted
28                            Steven Wayne Bonilla

-2-

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: BONILLA       STEVEN       W
        *(Last)*         *(First)*         *(Middle Initial)*

Prisoner Number: J-48500

Institutional Address: SAN QUENTIN STATE PRISON
                       SAN QUENTIN CA 94974

UNITED STATES DISTRICT COURT

Eastern ~~NORTHERN~~ DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA )
*(Enter your full name.)*         )
                                  )
            vs.                   )  Case No. _____
                                  )  *(Provided by the clerk upon filing)*
Ynette Reno, Mark V. Bacciatini,  )
Deana Eddings, S. Sandoval, Linda )  COMPLAINT UNDER THE
Romero Soles, C. Juarez, Shert    )  CIVIL RIGHTS ACT,
mental, John Doe 1-15             )  42 U.S.C. § 1983, 1981, 1985, 1986
*(Enter the full name(s) of the defendant(s) in this action.)*  )  18 USC § 241, 242
                                  )  DEMAND FOR A JURY TRIAL AND
                                  )  TO BE PRESENT AT SUCH TRIAL

I. Exhaustion of Administrative Remedies. EXPEDITED REVIEW REQUESTED

*Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.* QUESTIONING JURISDICTION

A.  Place of present confinement SAN QUENTIN STATE PRISON

B.  Is there a grievance procedure in this institution?    YES ☐    NO ☒ N/A

C.  If so, did you present the facts in your complaint for review through the grievance

    procedure?    YES ☐    NO ☒ N/A

D.  If your answer is YES, list the appeal number and the date and result of the appeal at each

    level of review. If you did not pursue any available level of appeal, explain why.

    1. Informal appeal: N/A. This has nothing to do
    with prison issues, condition nor
    confinement. No grievance is necessary.

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: _____

_____

_____

3. Second formal level: _____

_____

_____

4. Third formal level: _____

_____

_____

E. Is the last level to which you appealed the highest level of appeal available to you?

      YES ☐    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

Because the judgment is void on its face and it has just been discovered that the prosecution withheld information which proves that the premeditated crime never took place.

**II. Parties.**

A. Write your name and present address. Do the same for additional plaintiffs, if any.

STEVEN WAYE BONILLA

J-48500 3-EY-13

SAN QUENTIN, CA 94974

B. For each defendant, provide full name, official position and place of employment.

Ynette Reno, Mark V. Bacciarini - judges
Deana Eddings, S. Sandoval, Linda Romero Sales,
C. Juarez, Sheri Pimental - court clerks

2260 N. Street, Merced CA 95340

_____

_____

## Section III - Claim I

The misuse of 28 USC § 1915 (g) clearly shows blatant bias/prejudice against pro se capital case litigant, a minority class citizen. Such bias/prejudice in violation of the equal protection clause of the Fourteenth Amendment stems from the defendants, (court/Judges and court clerks), advocating from the bench in a clear pattern of practice of avoiding the jurisdictional question, when challenged to prove jurisdiction of subject matter and of person to exist, to purport their own agenda and establish an underground POLICY OF ATTAINDER. Such underground/unconstitutional hidden agenda, knowingly deprives the Petitioner of his guaranteed Constitutional Rights to EQUAL PROTECTION OF THE LAW, DUE PROCESS, and meaningful access to the courts for the filing of a grievance, to the government for redress when challenging the courts lack of jurisdiction. Petitioner states for the record, "Prisoner's Rights do not stop at the prison's gates," as the defendants have assumed, and seek to establish ATTAINDER POLICIES.

The Equal Protection Clause of the Fourteenth amendment of the United States Constitution secures every person within a States jurisdiction against intentional and adversary discrimination, whether occationed by statutes express terms, (28 USC § 1915(g)), or by its improper execution through constituted agents;

-1-

[260 US 441] not to first make a determination under 28 USC § 1915 (a)(3), which calls for the court to prove that the trial court acquired subject matter jurisdiction and of person, prior to the court proceeding any further, [116 F.2d 449]. 28 USC § 1915 (a) "Proceeding in forma pauperis" is the controlling factor which must be determined prior to the determination of declaring the Petitioner a vexatious litigant under 28 USC § 1915 (g) and charging the Petitioner with 6 (six) filing fees per 28 USC § 1915 (b) as a way of punishing him and to prevent him from any further attempts to challenge the court's lack of jurisdiction and authority, [170 F.3d 769].

The Petitioner has been intentionally treated differently from other similar situations where the court's lack of jurisdiction has been challenged. There is no rational basis for the difference in such treatment, [448 US 336], other than for being politically disfavored for unfair treatment. The differential treatment the Petitioner has been given is due to being an indigent pro se, condemned state prisoner on death row, a very unpopular group, even if evidence proves that he was falsely convicted. Being a member of this very unpopular group has put the Petitioner at the hands of the government actors who have deprived him of his civil rights by the courts/Judges and court clerks knowingly giving or implementing adverse rulings which are clear malicious abuse of the legal process, which such an agenda does not comport to nor is sanctioned by the law to proceed without

-2-

jurisdiction once challenged. [505 F.2d 1026; 100 S.Ct 2502]. Such rulings are a pretence to accomplish a purpose of deprevation of rights, and an ulterior motive of "ATTAINDER". Judges rule adversly and "BY DESIGN", without authority of jurisdiction, misapply the law, using case law which has been reversed by the U.S. Supreme Court, including Judge Yvonne Gonzalez Rogers claiming that the Petitioner's challenge of the court's lack of jurisdiction of subject matter due to the subpoena, from which all of the evidence in the case is the fruit thereof, which was never admitted into evidence because it never existed, as being a frivolous allegation, yet, she never proved the claim to be false or frivolous. All consciously creating a pattern of "ATTAINDER" and clear obstruction of Justice / Due Administration of the law in violation of the "Equal Protection Clause" of the United States Constitution, while acting under color of authority. Which is motivated by their desire to punish one based on personal animus. Their "selective treatment" is based on malicious or bad intent to injure the Petitioner even though he was fraudulently convicted by the Prosection claiming that a premeditated murder took place when the victim's 7 (seven) missing teeth and his obliterated nose contradicts the Prosecution key and only witness, Brad Reyes, perjured testimony, who failed to disclose the fact that he beat the victim to death. [638 F. 2d 776, 779].

Section III - "By Design"

All said rulings, which falsely apply law, misquote, and use of reversed case law for the specific purpose of

of malicious abuse of the legal process under color of authority, as well as a form of subterfuge to promulgate a hidden "agenda of "ATTAINDER". Such rulings include, Petitioner not proving a prima facie showing, which is absolutely proven by the record, which is preposterous. And due the fact of the Petitioner having entered as exhibits:

(1). Declarations of the Federal Bureau of Investigation (FBI) and the United States District Attorney's Office, under oath and under a court order in federal case No. C-02-0636 MHP that no such federal grand jury subpoena, supposedly issued February 19, 1988, ever existed. It is universally known, what never existed, is impossible to have ever been admitted into evidence. Thus, pursuant to Rule 403 of the Evidence Code, such proffered evidence is inadmissible.

(2). The fraudulent February 19, 1988 subpoena given to the Petitioner to deceive him, has been shown in exhibits that the signature of AUSA Robert D. Ward is a photocopy taken from a previous subpoena signing. Proving that the Prosecution fabricated a forged subpoena to fraudulently conceal their illegal search and seizure of the Petitioner's telephone records in violation of the Fourth Amendment.

(3). The exhibits included a copy of the autopsy report which reported the nose having been crushed flat and the forensic dentist report which reported the victim had 7 (seven) of his teeth knocked out. Which contradicted Brad Keyes testimony of the events leading up to the victim's death. Brad Keyes purposely omitted from his testimony that he beat the victim to death by

4

repeatedly punching the victim in the face after he had
been subdued and his mouth duct taped shut.

   (4) The exhibits included the declaration of Reverend Gregory *
Kuehn who claimed that Prosecutor Jon Goodfellow admitted to
the Reverend that the reason he charged the Petitioner with a
premeditated murder, was to appease the news media
from claiming that Alameda County District Attorney's
Office was discriminating against Blacks by only sentencing
Blacks to death. This coupled with the fact that Brad Keyes'
testimony had to have been coerced in what to say or more
specifically to not disclose the beating he had given the
victim that caused his death. Which not only proves
that there was no premeditated murder but the entire
crime of premeditated murder was fabricated by the
Prosecutor to appease the news media by fraudulently
convicting the Petitioner because he is ethnically white *

   (5). The above allegations have been all admitted to by
Alameda County District Attorney Nancy O'Malley. Who was
properly served with a petition/Contractual Settlement
agreement demanding a response. Which the demand
was ignored and pursuant to the Doctrine of Acquiescence
was admitted. Which was also PREVIOUSLY SUPPLIED TO
THE COURT.

   When Respondent, District Attorney Nancy O'Malley, refused
/failed to deny Petitioner's "VERIFIED" allegations, pursuant
to F.R.C.P. Rule 8(b)(6) "Effect of Failing to Deny," the
allegations are admitted if a responsive pleading is
required and the allegations are not denied (with proof

                    -5-      * See Exhibit A

on the record that the February 19, 1988 federal grand jury subpoena was admitted into evidence). Rule 8 (b) (2) requires that a denial [MUST] respond fairly to all allegations.

These "VERIFIED" documents clarifying beyond any reasonable doubt all of the Petitioner's allegations are more than mere speculation, they are "VERIFIED" proven facts that cannot be disputed; Because when judgment is attacked collaterally, jurisdiction of the court must be determined by judgment role/record ALONE, [33 Cal. 505]. This complete disregard of "VERIFIED" exhibits and documents are all a clear showing of Petitioner's allegations/claims to be true and correct. Any and all reckless disregard of these "VERIFIED" exhibits is inexcusable, but shows a "DESIGN PATTERN OF ATTAINDER" by blantantly dismissive or erroneously ruling to apply 28 USC § 1915 (g) "Vexatious Litigant" to bar the Petitioner from any and all access to the courts is subtile of
"ATTAINDER!"

The court has already created a framework to balance the burden of Constitution litigation against the rights of victim's. Counties, for example, are not held strictly liable for Constitutional torts committed by their officials. But in the context of the claim at issue, HERE A COUNTY IS LIABLE when it indiscriminately delegated authority to a judge who is free to use that authority in a VINDICTIVE AND DISCRIMINATING MANNER. [475 US 469, 482]. Who has deliberately and intentionally refused/

-6-

failed to follow and properly administer the law. Where the statutes have created a frame work to balance the burden of Constitutional litigation against the rights of victims. These clearly valid statutes that frame the litigation process are Penal Code §1473 et seq. and 18 USC § 2241 et seq.. The frame work for this litigation is even further outlined and simplified in People v Romero (1994) 8 Cal. 4th 728, and in People v Duvall (1995) 9 Cal. 4th 464].

To begin the litigation process the court's ministerial DUTY TO ISSUE AN ORDER TO SHOW CAUSE is so simple to perform that the court held in In re Sena, 94 Cal. 4th 836; 115 Cal. Rptr. 2d 22, that a petition for writ of Habeas Corpus should be ruled upon by dispatch because such petitions were time sensitive under Penal Code §1476. That a prima facie case for relief -that is whether it states facts that, if true, entitles the Petitioner to relief. [8 Cal. 4th 728]. As a MATTER OF LAW, PETITIONER'S FACTUAL ALLEGATIONS MUST BE TAKEN AS TRUE. WHEREFORE, HIS FACTUAL CLAIM(S) STATING A PRIMA FACIE CASE FOR RELIEF HAS BEEN ESTABLISHED and prevails until contradicted and over come by other evidence advocated in the Respondent's return. Where the petition has been "VERIFIED", the court/Judge cannot deny the facts as true without them having been first contradicted in the Respondents return, Which must fairly respond to the substance of the allegations.

# Claim IV

A party cannot be precluded from raising the question of jurisdiction at any time and in any place. [67 F.R.D. 22; 148 Cal. App. 2d 845; 273 Cal. App. 2d 176; 49 US 495]. Because the judgment is a NULLITY, a motion attacking jurisdiction is not challenging the terms of the judgment nor the conditions of confinement any judgment, order, transfer by a court lacking subject matter jurisdiction is void on its face; And the Reviewing Court's jurisdiction is LIMITED to reversing the trial court's void judgment. [35 Cal. 4th 180; 759 F. 2d 809].

Unless, this court, or any court, can prove that the February 19, 1988 subpoena was admitted into evidence, on the record, it has a DUTY to pronounce the trial court's judgment a NULLITY. [27 Cal. 300]; forthwith. [377 F. 2d 199]. And to release the innocent Petitioner immediately. [356 F. 2d 654; F. R. C. P., Rules 12 (h) (3) and 60 (b). Which the defendant has failed to do, in concert, to aid the Prosecution's Civil Conspiracy to appease the news media. [See Exhibit A for defendants response].

## Section IV — Relief Sought

(1) Wherefore, the Petitioner demands that the defendants cease and desist from any overt or covert application of "ATTAINDER", which the United States Supreme Court has ruled, such use of "ATTAINDER POLICIES" to deny minority class of citizen of his due process and EQUAL PROTECTION OF THE LAW, in any form is unlawful and unconstitutional, and flagrantly shows a clear clase of Obstruction of Justice and Due Administration of law under color of authority, which is involuntary servitude and slavery

for capital gain, all in violation of the United States
Constitutional Amendment Thirteen, and can and must be
construed as crimes against humanity.

(2). Either prove the February 19, 1988, subpoena was admitted
into evidence, on the record, which is impossible to do,
or pronounce the judgment a NULLITY and immediately
release the innocent Petitioner. For this Honorable Court
to grant any and all relief it deems necessary and just for
fraudulently imprisoning, in collusion with the
prosecution, to murder the innocent Petitioner, Steven
Wayne Bonilla, to appease the news media [See Exhibit
A], in Alameda County Superior Court, Case No. H-12210-A.

## Verification

I declare under penalty of perjury that the foregoing is
true and correct, including exhibits, pursuant to 28 USC § 1746,

Dated: 9-14-18

Respectfully Submitted
Steven Wayne Bonilla

-9-

## addendum

The Court held in Hickory v Roby [273 Cal. app. 2d 752], where a judgment has been obtained through FRAUD, it may be set aside, THOUGH LONG SINCE FINAL, by an independent suit. in equity, the remedy is available to a party who has been deprived of an opportunity to present his case or obtain a fair adversary proceeding. Along with a party cannot be precluded from raising the JURISDICTIONAL QUESTION at any time and in any place for any reason. [67 F.R.D. 22, 25; 49 US 495; 148 Cal. app. 2d 845; 273 Cal. app. 2d 176].

The Court clerk has unlawfully denied the Petitioner of due process and meaningful access to the court by returning the Petitioners submission, not filed nor processed pursuant to an order by a Judge who lacked authority and subject matter jurisdiction. A Judge cannot ignore nor proceed until jurisdiction has been proven to exist on the record. [474 F. 2d 215; 505 F. 2d 1026; 102 F. 2d 188; 37 F. Supp. 150]. By the Court Clerk returning the submissions, or transferring them, has acted in concert with the Judge, to deprive the Petitioner of his guaranteed Constitutional Rights to due process, equal protection of the law, and meaningful access to the court.

### Verification

I declare under penalty of perjury, that the foregoing is true and correct, including exhibits, pursuant to 28 USC §1746.

Dated! 9-14-18

Respectfully Submitted
Steven Wayne Bonilla

EXHIBIT A

## Declaration Of Reverend Gregory Kuehn

I, Reverend Gregory Kuehn, hereby declare as follows:

1.  My name is Reverend Gregory Kuehn, I am the Pastor of the Sierra Bible Church in Reno, Nevada, and I briefly provided Bradley Keyes with spiritual counseling just prior to his surrender to the authorities in Pleasanton, California, in 1988. I also testified at Mr. Bonilla's trials in 1992 and 1994.

2.  I met Mr. Keyes through his wife's family members, who were parishioners at the church. Mr. Keyes was a member of our congregation for a short period of time right before turning himself into police custody for the killing of Jerry Harris. At Mr. Keyes request, I drove with him from Reno, Nevada, to Pleasanton, California, where I accompanied him into the building where he surrendered himself.

3.  During Mr. Keyes surrender and booking, I had the opportunity to meet and speak with Assistant District Attorney Jon Goodfellow. At one point I was alone with Mr. Goodfellow in a room at either the District Attorney's office or a police station. It was during this time that Mr. Goodfellow revealed to me his intention to seek the death penalty against Steven Bonilla and his co-defendant, Williams Nichols.

4.  When I asked Mr. Goodfellow why he felt it was necessary to use the death penalty in the prosecution of this crime, he told me that he needed to get the critics of the district attorney's office off his back. Mr. Goodfellow went on to explain that his office was being scrutinized for its use of the death penalty against minority defendants and that they needed to put "more white people" on death row to balance the population disparities and silence the critics. According to Mr. Goodfellow, his office would not have otherwise sought the death penalty against either Mr. Bonilla or Mr. Nichols.

5.  This discussion that I had with Mr. Goodfellow never came up during my previous conversations with anyone because no one asked me about it and I didn't think it was important. Herbert Duzant, an investigator with the Federal Public Defender office, was the first person to ask me whether Mr. Goodfellow ever mentioned the reasoning behind the District Attorney Office's decision to seek death against Mr. Bonilla. Had I been asked earlier, I would have provided Mr. Bonilla's previous representatives with the same details and I would have testified to it on the stand at both trials.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Washoe County, Nevada, on June 30, 2014.

Reverend Gregory Kuehn

Steven Wayne Bonilla / Petitioner
J-48500  3-EY-13
San Question, CA 94974

United States District Court
Eastern District of California

In re: to the matter of          Case No.
Steven Wayne Bonilla's          — Expedited Review Requested —
Void Judgment.                  IT IS A QUESTION OF JURISDICTION

A party cannot be precluded from raising the QUESTION OF
JURISDICTION at any time and in any place. [67 F.2.D.22; 148 Cal.App.2d
845; 273 Cal.App.2d 176]. A motion attacking jurisdiction is not
challenging the terms of the judgment nor the conditions of
confinement. Because the judgment is a NULLITY; Wherefore any
judgment or order by a court lacking subject matter jurisdiction
is void on its face; And this Reviewing Court's jurisdiction is
LIMITED to reversing the trial court's void judgment. [35 Cal.4th 180].
     Unless this Court, or any court, can prove that the 2-19-88
subpoena was admitted into evidence, it has a DUTY to pronounce
the trial court's judgment a NULLITY, [27 Cal. 300], forthwith,
[377 F.2d 147] and to release the innocent Petitioner, immediately.
[356 F.2d 654; Federal Rules of Civil Procedure 12(h)(3) and 60(b)].
     Verification—I declare under penalty of perjury that the foregoing
is true and correct pursuant to 28 USC §1746 on 9-14-18.
                              Respectfully Submitted
                              Steven Wayne Bonilla

Steven Wayne Bonilla/Petitioner
J-48500, 3-EY-13, San Quentin CA 94974


United States District Court - Eastern


In re: to the matter of     Case No.
Steven Wayne Bonilla - Filing Fees Per 28 USC § 1915(a)(3)


Pursuant to 28 USC § 1915(a)(3) and the Court's holdings in Nych
v Christensen [170 F. 3d 1065] that the § 1915(a)(3) determination must
precede (and controll the § 1915(b) determination of the filing
fee. The issue of § 1915(a)(3) to first be determined is the Court's
lack of jurisdiction of subject matter. Which cannot be proven
to exist on the face of the record; because the 2-19-88 subpoena,
from which all of the evidence in the case is the fruit, thereof, was
never admitted into evidence. Because it never legally existed.
Thus pursuant to Rule 403 of the Evidence Code, NONE of the
proferred evidence is lawfully admissible. With the trial
court's lack of jurisdiction to render the judgment this Honorable
Court has a DUTY to pronounce the judgment a NULLITY, [27 Cal. 3d 1],
forthwith, [377 F. 2d 197]. Therefore, NO FILING FEE is required when
the court is under a DUTY to Vacate the judgment and to
immediately release the innocent Petitioner pursuant
to [356 F. 2d 654; F.R.C.P. § 12(h)(3), 60(b)(4) and (3) FRAUD UPON THE COURT].
Verification—I declare under penalty of perjury that the foregoing is
true and correct pursuant to 28 USC § 1746 on      9-14-18
                              Respectfully Submitted
                              Steven Wayne Bonilla